FILED

2018 Feb-01  PM 02:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| BRIAN TAYLOR, on behalf of himself and as representative of a class of persons similarly situated, | Case No: _____ |
| Plaintiff, | |
| vs. | **CLASS ACTION COMPLAINT** |
| APPLE, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff Brian Taylor, on behalf of himself and the classes set forth below, brings the following class action complaint against defendant Apple, Inc. ("Apple"):

### PRELIMINARY STATEMENT

1.    This case is about Apple's scheme to slow down, or "throttle," the performance of certain iPhone models, including the iPhone 6, 6 Plus, 6s Plus, SE, 7, and 7 Plus models ("Legacy iPhones").

2.    Apple represented that its recent iOS 10 and iOS 11 software updates to Legacy iPhone models (the "software updates") would improve those devices' performance and maintain their security against malware and other compromising third-party software.  Apple strongly encouraged iPhone owners to accept these updates. And, Apple's systems configurations are typically designed so that Legacy

1

iPhones automatically download software updates, prompting the user then to install the updates.

3.      Apple did not, however, inform its customers that it intentionally had designed its software updates to throttle the Legacy iPhones' processing speed. Apple claimed after-the-fact that the throttling was required in order to correct a battery defect and preserve battery life in Legacy iPhones, but Apple's real reason for throttling was intentionally to compromise the performance of Legacy iPhones, in an attempt to force Legacy iPhone users and owners to upgrade to newer iPhone models.

4.      On December 20, 2017, Apple admitted to purposefully throttling the Legacy iPhones.[1]

5.      The plaintiff and class members never consented to allow Apple to throttle their Legacy iPhones.

6.      As a result of Apple's wrongful actions, the plaintiff and class members had their Legacy iPhones throttled, thereby decreasing the utility and performance of the devices and interfering with the plaintiff's and class members use or possession of their devices.   The plaintiffs and class members have otherwise

---

[1] *See* Jason Koebler,  *Apple Throttles iPhones that Have Old Batteries (But Didn't Tell You About It)*, Motherboard  (Dec.  20,  2017),  https://motherboard.vice.com/en_us/article/3k5bdw/apple-throttles-iphones-bad-batteries?utm_source=vicefbus (last accessed Jan. 29, 2018).

suffered damages.

7.     The plaintiff seeks redress individually, and on behalf of those similarly-situated, for loss of value and use stemming from Apple's unfair and deceptive business practices in intentionally concealing the true nature of the iOS 10 and iOS 11 updates.

8.     The plaintiff and the class members seek monetary relief, injunctive relief, corresponding declaratory relief, and other appropriate relief for Apple's unlawful conduct.

## PARTIES

9.     Individual and representative plaintiff Brian Taylor is a resident and citizen of Tuscaloosa, Tuscaloosa County, Alabama.

10.     Taylor purchased his Legacy iPhone several years ago in Alabama.

11.     Taylor uses his iPhone for personal and business use, including telephone calls, emails, texts, internet access, and use of various iPhone applications.

12.     Defendant Apple is a corporation organized under the laws of California with its principal U.S. place of business located in Curpertino, California. Apple., one of the largest computing companies in the world, owns the trademarks on the iPhone tradename, numerous patents associated with the iPhone, and has worldwide rights to market and sell iPhones.  Apple conducts business throughout the United States and its territories, including in the State of Alabama.

3

## JURISDICTION AND VENUE

13.    This Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) because the aggregate amount in controversy exceeds $5,000,0000 (exclusive of interests and costs), the number of class members exceeds 100, and at least one of the class members is a citizen of a state different from that Apple.

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because the plaintiff resides in this district, and Apple conducts substantial business in this district, which led to the plaintiff's purchase of Apple's iPhone in this district. Furthermore, Apple has harmed class members residing in this district.

## FACTUAL ALLEGATIONS

### *Legacy iPhones Plagued With Unexpected Shutdown Problem*

15.    Over the past two years, Legacy iPhone owners have suffered from their devices shutting down unexpectedly, despite displaying sufficient battery levels.

16.    Consumers worldwide complained of the unexpected shutdowns. In November, 2016, a Chinese consumer association requested that Apple investigate "a considerable number" of reports by Legacy iPhone users that the devices were shutting off despite displaying high battery levels.

17.    Apple, in response to the inquiry, acknowledged that "a very small

4

number" of Legacy iPhones may "unexpectedly shut down" due to battery issues.

18.    Apple further disclosed, albeit only on its Chinese-language website, that the shutdown problem was caused by "a battery component's" unduly long exposure to "controlled ambient air" during manufacture between September and October, 2015.[2]

19.    Apple offered to replace batteries for a limited number of Legacy iPhones manufactured between September and October, 2015.

20.    Apple required Legacy iPhone owners seeking this battery replacement to back up their data, erase the data and settings on their devices, bring their devices to stores, and pay to repair other unrelated damages to the devices.

21.    Apple did not extend the warranty for the repaired Legacy iPhones.

22.    Despite Apple's claims that the battery defect affected only a "small number" of Legacy iPhones, Apple employees reported in late 2016 that they were "seeing anywhere from 15 to 30 battery replacements every day.  Fortune magazine described the Legacy iPhone "battery issues" as "endemic."[3]

23.    Apple's limited battery replacement did not resolve the unexpected shutdown problem.  Legacy iPhone owners continued to suffer from unexpected

---

[2] *See* Scott Cendrowski, *Apple Faces A Tough Chinese Consumer Agency Over iPhone Battery Fail*, Fortune (Nov. 17, 2016) http://fortune.com/2016/11/17/china-consumers-association-battery-cca-apple/ (last accessed Jan. 29, 2018).
[3] *Id*.

shutdowns, including owners who purchased devices manufactured outside the September – October, 2015, period.

24.     On January 23, 2017, Apple released the iOS 10.2.1 software update for the Legacy iPhones.

25.     Apple, however, did not immediately disclose to Legacy iPhone owners that it intended the iOS 10.2.1 update to fix the shutdown problem.  It waited until February, 2017, to disclose that the update had "made improvements to reduce occurrences of unexpected shutdowns."   Apple did not say exactly what those "improvements" were.

***Apple Admits iOS 10 and iOS 11 Updates Slow Legacy iPhone Processing Speed***

26.     Legacy iPhone owners with the iOS 10 and 11 updates repeatedly complained that the devices were running slower after the updates.

27.     In late December, 2017, in response to these complaints, PrimateLabs[4] released the results of tests on the iPhone 6 and iPhone 7.  Those tests showed that the introduction of iOS 10.2.1 on the iPhone 6s, and iOS 11.2.1 on the iPhone 7, caused those devices' processing speed to slow compared to earlier operating systems.

28.     Further investigation revealed the introduction of each iOS update after

---

[4] PrimateLabs is a Canadian company that creates software to measure computer processing speed.  https://www.primatelabs.com/.

iOS 10.2.1 similarly caused other Legacy iPhones, including the iPhone SE, iPhone 6, and iPhone 7 to operate slower.

29.     In response, Apple publicly admitted that the iOS10 and iOS 11 updates throttled certain Legacy iPhone models:

> Our goal is to deliver the best experience for customers, which includes overall performance and prolonging the life of devices. Lithium-ion batteries become less capable of supplying peak current demands when in cold conditions, have a low battery charge or as they age over time, which can result in the device unexpectedly shutting down to protect its electronic components.
>
> Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down during these conditions. We've now extended that feature to iPhone 7 with iOS 11.2, and plan to add support for other products in the future.[5]

30.     In short, Apple "improved" its Legacy iPhones by throttling their processing speeds.  Apple did this to prevent the unexpected shutdowns caused by its defective iPhone batteries.

31.     Upon information and belief, replacing the battery in the Legacy iPhones prevents the processing speed from slowing because the iOS 10 and iOS 11 updates only throttle processing speed when battery condition decreases past a certain point.

---

[5] *See* Bill Chappel, *Apple Says It Slows Older iPhones To Save Their Battery Life*, NPR (Dec. 21, 2017),    https://www.npr.org/sections/thetwo-way/2017/12/21/572538593/apple-says-it-slows-older-iphones-to-save-their-battery-life (last accessed Jan. 29, 2018).

32.     Apple has not disclosed that battery replacement will prevent slower processing speed.

33.     Furthermore, until its recent admission, Apple had never disclosed that the iOS 10 and iOS 11 updates would throttle customers iPhones.  Apple, in fact, promised the opposite.

***Apple Promised The iOS 10 And iOS 11 Updates Would Improve Legacy iPhones***

34.     Apple failed to inform Legacy iPhone owners that updating their iPhones to iOS 10.21, and later to iOS 11.2, would dramatically reduce the performance of their Legacy iPhones.

35.     Apple, for example, claimed that the iOS 10.2.1 would provide "bug fixes and improve … the security of [the] iPhone or iPad" and "improve … power management during peak workloads to avoid unexpected shutdowns on the iPhone."[6]

36.     Apple, however, purposefully failed to disclose that these updates significantly would throttle Legacy iPhones' processing speed by as much as 70 percent.

37.     Apple represented to Legacy iPhone owners that, for each iPhone battery in need of service, a message would appear in the Setting screen to indicate

---

[6] Download iOS 10.0 – iOS 10.3.3 Information, Apple, Inc., https://support.apple.com/kb/DL1893?locale=en_US.

"Battery Needs Service."[7]

38.     Apple represented this would "add a bit more transparency to people wondering when Apple considers the battery worn down enough to get swapped out."[8]

39.     Nevertheless, Legacy iPhone owners were never notified by Apple, in their iPhone Settings or otherwise, when their iPhone "Battery Needs Service."[9]

40.     Apple's failure to inform Legacy iPhone owners that their devices' performance issues were artificially caused by the iOS update in conjunction with an older (but still perfectly functional battery) denied those owners the opportunity to make an informed decision regarding whether to upgrade their device, or instead simply replace the battery.

***Legacy iPhone Owners Suffered Damages From The iOS 10 and iOS 11 Updates***

41.     The plaintiff and class members suffered actual damages due to Apple's failure to disclose the reasons for its iOS 10 and iOS updates, and the effects of those updates.

42.     Damages include, but are not limited to, reduced Legacy iPhone performance, diminution of Legacy iPhone value and the cost of seeking additional,

---

[7]     *Maximizing Battery Life and Lifespan*, Apple Inc., https://www.apple.com/batteries/maximizing-performance/.
[8] *Id*.
[9] *Id*.

unexpected servicing of their Legacy iPhones due to the presence of the defects.

***Apple's Conduct Has Attracted Great Scrutiny***

43.     Apple's practices, as described above, are under investigation from federal criminal and regulatory authorities.

44.     The United States Department of Justice ("DOJ") and the Securities and Exchange Commission ("SEC") are investigating whether Apple violated securities laws concerning its disclosures about the iOS 10 and iOS 11 updates.[10]

45.     Apple, through a spokeswoman, confirmed it has been contacted by the government:  "We have received questions from some government agencies and we are responding to them."[11]

46.     Government officials, including Sen. John Thune (R-SD), have also questioned Apple's conduct.  Thune, in a letter to Apple CEO Tim Cook, wrote, "[T]he large volume of consumer criticism leveled against the company in light of its admission suggests that there should have been better transparency with respect to these practices."[12]

47.     This is not the first time the government has investigated Apple.  In

---

[10] Tom Schoenberg, Matt Robinson, and Mark Gurman, *U.S. Probes Apple Over Updates That Slow Older iPhones*, Bloomberg (Jan. 30, 2018), https://www.bloomberg.com/news/articles/2018-01-30/u-s-said-to-probe-apple-over-updates-that-slow-older-iphones-jd1yahj7 (last accessed Jan. 30, 2018).
[11] *Id.*
[12] *Id.*

2012, the DOJ filed an antitrust suit against Apple and book publishers over the pricing of digital book downloads.  In 2010, the DOJ settled with Apple regarding anti-poaching agreements between Apple and other major technology firms like Google.[13]

## CLASS ACTION ALLEGATIONS

48.    The plaintiff and the class members, as defined below, have been damaged by Apple's deceptive and unfair conduct as described above.

49.    The plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50.    The plaintiff asserts the claims herein on behalf of a proposed **Nationwide Class** defined as follows:

> United States residents who purchased a Legacy iPhone in the United States, and installed the iOS 10.2.1 update, or a later version, prior to the date of this complaint.[14]

51.    Additionally, the plaintiff asserts the claims herein on behalf of a proposed **Alabama Class** defined as follows:

> Alabama residents who purchased a Legacy iPhone in Alabama, and installed the iOS 10.2.1 update, or a later version, prior to the date

---

[13] *Id.*

[14] The following are excluded from the Nationwide Class:  (1) Apple, any entity or division in which Apple has a controlling interest, and Apple's legal representatives, officers, directors, assigns, and successors; (2) the judge to whom this case is assigned and the judge's staff; and (3) governmental entities.  The plaintiff reserves the right to amend the class definition if discovery and further investigation reveal that the class should be expanded, divided into additional subclasses, or modified in any way.

of this complaint.[15]

52. <u>Numerosity</u>:  The members of the class are so numerous that joinder of all class members is impracticable.  Millions of persons nationwide, and hundreds of thousands in Alabama, have installed the iOS 10.2.1 update, and /or subsequent updates, on their Legacy iPhone devices.

53. <u>Typicality</u>:  The plaintiff's claims are typical of other class members because, among other things, all class members were comparably injured by Apple's unfair and deceptive practices as described above.

54. <u>Adequacy</u>: The plaintiff will fairly and adequately protect the interests of the classes, and has retained counsel experienced in class actions and complex litigation, generally.

55. <u>Commonality and Predominance</u>: Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class, including but not limited to:

a)  whether Apple's iOS 10.2.1 update affected Legacy iPhone's processing speed and/or performance;

---

[15] The following are excluded from the Alabama Class:  (1) Apple, any entity or division in which Apple has a controlling interest, and Apple's legal representatives, officers, directors, assigns, and successors; (2) the judge to whom this case is assigned and the judge's staff; and (3) governmental entities.  The plaintiff reserves the right to amend the class definition if discovery and further investigation reveal that the class should be expanded, divided into additional subclasses, or modified in any way.

b)  whether Apple purposefully designed the iOS 10.2.1 update to affect Legacy iPhone processing speed and/or performance, or otherwise did so knowingly;

c)  the extent to which the iOS 10.2.1 update adversely affected Legacy iPhone processing speed and/or performance;

d)  whether, and to what extent, Apple disclosed the effect of the iOS 10.2.1 update on Legacy iPhone processing speed and/or performance;

e)  whether the aspects of the iOS 10.2.1 update affecting Legacy iPhone processing speed and/or performance were extended to Apple's iOS 11.2 update;

f)  the appropriateness and proper form of any declaratory or injunctive relief;

g)  the appropriateness and proper measure of restitution; and

h)  the appropriateness and proper measure of damages and other monetary relief.

56.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Apple has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

13

57.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

58.     Apple's conduct as described in this complaint stems from common and uniform practices, resulting in a deliberate attempt to mislead Legacy iPhone owners with regard to its iOS 10.2.1 and later updates.

59.     Members of the class do not have an interest in pursuing separate individual actions against Apple, as the amount of each class member's individual claims are small compared to the expense and burden of individual prosecution.

60.     Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Apple's practices. Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

61.     Plaintiff intends to send notice to all class members to the extent required by Rule 23.

## <u>CLAIMS FOR RELIEF</u>

### <u>COUNT I – BREACH OF IMPLIED CONTRACT</u>
### <u>(On Behalf of the Nationwide Class and/or Alabama Class)</u>

62.     The plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

63.     Apple solicited and invited the plaintiffs and class members to purchase new iPhones (now Legacy iPhones).  The plaintiff and class members accepted Apple's offers and purchased iPhones from Apple.

64.     When the plaintiff and class members purchased their Legacy iPhones from Apple, they entered into implied contracts with Apple to which Apple agreed to not purposefully interfere with the usage, speed, or performance of the plaintiff's and class members' Legacy iPhones.

65.     The plaintiff and class members would not have purchased their Legacy iPhones from Apple in the absence of this implied contract.

66.     The plaintiff and class members fully performed their obligations under their implied contracts with Apple.

67.     Apple breached its implied contracts with the plaintiff and class members by purposefully throttling the Legacy iPhones, and by failing to disclose that fact at the time the parties entered into said contracts.

68.     As a direct and proximate result of Apple's breaches of the implied contracts with the plaintiff and class members, the plaintiff and class members

15

sustained actual losses and damages as described herein.

## COUNT II – UNJUST ENRICHMENT
### (On Behalf of the Nationwide Class and/or Alabama Class)

69.    The plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

70.    As a result of the unlawful conduct described above, Apple will continue to be unjustly enriched.  Specifically, Apple has been unjustly enriched by the receipt of, at a minimum, unlawful profits on sales Legacy iPhones to the plaintiffs and class members.

71.    Apple has benefitted from its unlawful acts and it would be inequitable for Apple to be permitted to retain any ill-gotten gains resulting from the overpayments made for Legacy iPhones by the plaintiffs and class members.

72.    The plaintiffs and class members are entitled to the amount of the Apple's ill-gotten gains resulting from its unlawful, unjust, and inequitable conduct.

73.    The plaintiffs and class members re entitled to the establishment of a constructive trust of all ill-gotten gains from which the plaintiffs and class members may make claims on a *pro rata* basis.

## COUNT III – DECEPTIVE TRADE PRACTICES
### (On Behalf of the Alabama Class)

74.    The plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

16

75.     The Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et seq.*, prohibits unfair methods of competition and unfair or deceptive acts or practices.

76.     Apple's conduct, as described above, in surreptitiously manipulating the performance of Legacy iPhones constitutes unconscionable, false, misleading, or deceptive acts or practices in violation of Ala. Code § 8-19-5 (27).

77.     Apple's conduct is so oppressive as to leave the plaintiff and class members with little alternative.

78.     On January 11, 2018, plaintiff Taylor, individually and on behalf of the class, provided a written demand to Apple as required by Ala. Code § 8-19-10 (e). Apple did not respond to plaintiff Taylor's demand prior to the filing of this complaint.[16]

## **PRAYER FOR RELIEF**

79.     Accordingly, the plaintiff, on behalf of himself and the class, requests relief as follows:

a)   certification of a Nationwide class and/or an Alabama class pursuant to Fed. R. Civ. P. 23, as requested herein;

---

[16] While private class actions generally are not permitted under the Alabama Deceptive Trade Practices Act, Ala. Code 8-10-10, such actions are permitted in federal court pursuant to the United States Supreme Court's decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393, 130 S.Ct. 1431 (2010), and the Eleventh Circuit's corresponding decision in *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331 (11th Cir. 2015).

17

b) appointing plaintiff Taylor as class representative, and appointing undersigned counsel as class counsel;

c) entering a judgment awarding plaintiff Taylor and class members actual, compensatory, and punitive damages to the extent allowed by law;

d) entering a judgment awarding plaintiff Taylor and class members restitution and disgorgement;

e) entering a judgment awarding  plaintiff Taylor and class members reasonable attorneys' fees, costs, and expenses; and

f) granting such other relief as the court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

80.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff and the class demand a trial by jury.

Respectfully submitted January 31, 2018.

**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**

*/s/ Archie I. Grubb, II*
ARCHIE I. GRUBB, II
W. DANIEL "DEE" MILES
218 Commerce Street
Montgomery, AL 36104
(334) 269-2343
Dee.Miles@BeasleyAllen.com
Archie.Grubb@BeasleyAllen.com

**FLEENOR & GREEN LLP**

*/s/ Wilson F. Green*
WILSON F. GREEN
1657 McFarland Boulevard North, Ste. G2A
Tuscaloosa, AL 35406
(205) 772-108
wgreen@fleenorgreen.com

**Attorneys for Plaintiffs & Proposed Class**

SERVE DEFENDANT AS FOLLOWS:

APPLE, INC.
C/O CT CORPORATION SYTEM
2 NORTH JACKSON STREET, STE. 605
MONTGOMERY, AL 36104